Filed 5/29/13  In re Alexis D. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re ALEXIS D., a Person Coming Under the Juvenile Court Law. | B245105 |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ALEXIS D.,<br><br>        Defendant and Appellant. | (Los Angeles County<br>Super. Ct. No. GJ30018) |

THE COURT:[*]

Minor and appellant Alexis D. (minor) appeals from a juvenile court judgment entered November 7, 2012.  Minor's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On February 27, 2013, we notified minor and gave her leave to file, within 30 days, her own brief or letter stating any grounds or arguments she might wish to have considered.  That time has elapsed, and minor has submitted no brief or letter.  We have reviewed the entire record, and finding no arguable issues, affirm the judgment.

---

[*]    BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

The juvenile court declared minor to be a ward of the court after sustaining a petition filed pursuant to Welfare and Institutions Code section 602. The petition alleged that minor had committed a misdemeanor battery in violation of Penal Code section 242. At the hearing on the petition, minor's father (father) testified that on October 17, 2012, minor argued with her mother (mother), used foul language, and refused several demands by father to stop and to go to her room. When minor continued in an aggressive manner and moved closer to mother, father stepped between them. Minor reacted by shoving him hard, attempting to knee him in the groin, and punching his arm. Father then physically restrained minor by grabbing her arms.[1]

After sustaining the petition, the juvenile court ordered suitable placement and probation upon specified conditions. The court set the maximum term of confinement as six months and awarded 21 days of predisposition credit. Minor filed a timely notice of appeal from the judgment.

We have examined the entire record and are satisfied that minor's appellate counsel has fully complied with his responsibilities and that no arguable issue exists. We conclude that minor has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against her in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

---

[1] Minor testified that she shoved her father because she thought he was going to hit her, explaining that he had slapped her and pulled her hair once in the past. Father acknowledged the past incident when he reacted to minor calling him a "mother fucker," but denied threatening minor on this occasion.